UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARKIA SIMS | ) | CASE NO. |
| 31 E. Fireston Blvd, Apt. 8A | ) | |
| Akron, Ohio 44301 | ) | JUDGE: |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE: |
| | ) | |
| vs. | ) | **PLAINTIFF'S COMPLAINT** |
| | ) | |
| TIME WARNER CABLE INC. | ) | (Jury Demand Endorsed Herein) |
| c/o CT Corporation System | ) | |
| 1300 East Ninth Street | ) | |
| Cleveland, Ohio 44114 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CHARTER COMMUNICATIONS, LLC | ) | |
| c/o CSC-Lawyers Incorporating Service | ) | |
| 50 W. Broad St., Suite 1800 | ) | |
| Columbus, Ohio 43215 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| TWC ADMINSTRATION LLC | ) | |
| c/o CT Corporation System | ) | |
| 1300 East Ninth Street | ) | |
| Cleveland, Ohio 44114 | ) | |
| | ) | |
| Defendants. | ) | |

Now comes Plaintiff Markia Sims, by and through counsel, and for her Complaint against

Defendants Time Warner Cable Inc., Charter Communications, LLC and TWC Administration

LLC ("Time Warner"), state and allege the following:

## INTRODUCTION

1.      Plaintiff brings this lawsuit as a result of Defendants' failure to pay Plaintiff

overtime compensation at the rate of one and one-half times her regular rate of pay for all of the

hours she worked over 40 each workweek, in violation of the Fair Labor Standards Act

("FLSA"), 29 U.S.C. §§ 201-219.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331.

3.      Venue lies in this Court pursuant to 28 U.S.C. § 1391(b) because Defendants conducted business in Summit County, Ohio, and a substantial part of the events or omissions giving rise to the claims occurred in Summit County, Ohio, within this District and Division.

## PARTIES

4.      At all times relevant herein, Plaintiff was a citizen of the United States and resident of the State of Ohio.

5.      At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

6.      At all times relevant herein, Defendant Time Warner Cable Inc. was a for profit foreign corporation, organized and incorporated in the State of Delaware, doing and conducting business throughout the United States, including in this District and Division, and has its principle office within Ohio located in Summit County at 1919 Brittain Road, Akron, Ohio.

7.      At all times relevant herein, Defendant Charter Communications, LLC was a for profit foreign corporation, registered, organized and formed in the State of Delaware, doing and conducting business throughout the United States, including in this District and Division.

8.      At all times relevant herein, Defendant TWC Administration LLC was a for profit foreign corporation, registered, organized, and formed in the State of Delaware, and doing and conducting business throughout the United States, including in this District and Division.

9.      At all times relevant herein, Defendants were employers within the meaning of 29

U.S.C. § 203(d).

10.     At all times relevant herein, Defendants were enterprises within the meaning of 29 U.S.C. § 203(r).

11.     At all times relevant herein, Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12.     At all times relevant herein, and upon information and belief, Defendants were a joint employer and/or single enterprise within the meaning of 29 U.S.C. §§ 203(r) and 207(b), as they have an interrelation of operations, common business purpose and activities, common management, common control of labor relations, and common ownership and financial control

13.     At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

## FACTUAL ALLEGATIONS

14.     Defendants are a cable telecommunications company(s) that own and operate a number of call centers that sell products and services to customers, such as residential cable, internet, home phone, and home management services nationwide, including in Ohio.

15.     Plaintiff was employed by Defendants as an Inbound Sales Representative between October 2014 and November 2016 at Defendants' Akron, Ohio call center location.

16.     Plaintiff was classified by Defendants as a non-exempt employee.

17.     Plaintiff was paid by Defendants on an hourly basis, plus commissions.

18.     Less than half of Plaintiff's compensation throughout any relevant time period was in the form of commissions paid to her.

### (Failure to Pay For Time Spent Starting and Logging Into Computer Systems, Applications, and Phone System)

19.     Plaintiff was required by Defendants to perform unpaid work before clocking in

each day, including, but not limited to, starting, booting up, and logging into Defendants' computer systems, numerous software applications, and phone systems.  Booting up and logging into the computer systems and numerous software applications required entering unique and frequently changing passwords for each of the numerous programs.

20.     By common policy and practice, Plaintiff was required to have her computers booted up and have several applications running before the start of her shifts so that she could take her first call promptly upon commencing work at her scheduled start times.

21.     Defendants arbitrarily failed to count this work performed by Plaintiff as "hours worked."

22.     Plaintiff performed this unpaid work every workday, and it constituted a part of her fixed and regular working time.

23.     Plaintiff estimates that she spent approximately 15-20 minutes before her shift start times clocking in each day, including but not limited to starting and logging into Defendants' computer systems, numerous software applications, and phone systems.

24.     This unpaid work performed by Plaintiff was practically ascertainable to Defendants.

25.     There was no practical administrative difficulty of recording this unpaid work of Plaintiff.  It could have been precisely recorded for payroll purposes simply by allowing her to clock in before she began booting up Defendants' computer systems, applications, and phone systems.

26.     This unpaid work performed by Plaintiff constituted a part of her principal activities, was required by Defendants, and was performed for Defendants' benefit.

27.     Moreover, this unpaid work was an integral and indispensable part of other

4

principle activities performed by Plaintiff.  She could not perform her work without booting up Defendants' computer systems, applications, and phone systems.

28.     Defendants knowingly and willfully failed to pay Plaintiff for starting and logging into Defendants' computer systems, numerous software applications, and phone systems, during which she performed work that managers and/or other agents and/or representatives observed.

**(Failure to Pay Overtime Compensation)**

29.     As a result of Plaintiff not being paid for all hours worked, Plaintiff was not paid overtime compensation for all of the hours she worked over 40 each workweek.

30.     Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**(Failure to Keep Accurate Records)**

31.     Defendants failed to make, keep and preserve records of the unpaid work performed by Plaintiff before clocking in each day.

32.     The amount of time Plaintiff spent on her required and unpaid work before clocking in amounted to approximately 15-20 minutes when Defendants' computer systems were working properly, or longer when Defendants' computer systems were slow or not working.

**COUNT ONE**
**(Fair Labor Standards Act Violations)**

33.     Plaintiff incorporate by reference the foregoing allegations as if fully rewritten herein.

34.     Defendants' practice and policy of not paying Plaintiff for work performed before clocking in each day violated the FLSA, 29 U.S.C. § 207, 29 CFR § 785.24.

35.     Defendants' practice and policy of not paying Plaintiff overtime compensation at a rate of one and one-half times her regular rate of pay for all of the hours she worked over 40 in

a workweek violated the FLSA, 29 U.S.C. § 207.

36.     Defendants' failure to keep records of all of the hours worked each workday and
the total hours worked each workweek by Plaintiff violated the FLSA, 29 CFR 516.2(a)(7).

37.     By engaging in the above-mentioned conduct, Defendants willfully, knowingly
and/or recklessly violated the provisions of the FLSA.

38.     As a result of Defendants' practices and policies, Plaintiff has been damaged in
that she have not received wages due to her pursuant to the FLSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court find Defendants jointly and
severally liable, and:

A.     Award Plaintiff actual damages for unpaid overtime compensation;

B.     Award Plaintiff liquidated damages equal in amount to the unpaid overtime
       compensation found due to Plaintiff under the FLSA;

C.     Award Plaintiff pre- and post-judgment interest at the statutory rate;

D.     Award Plaintiff attorneys' fees, costs, and disbursements; and

E.     Award Plaintiff further and additional relief as this Court deems just and proper.

Respectfully submitted,

 /s/ Anthony J. Lazzaro
Chastity L. Christy (0076977)
Anthony J. Lazzaro (0077962)
Lori M. Griffin (0085241)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolawfirm.com

chastity@lazzarolawfirm.com
lori@lazzarolawfirm.com
Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff demands a trial by jury on all eligible claims and issues.


/s/ Anthony J. Lazzaro
One of the Attorneys for Plaintiff