UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARKIA SIMS | ) | CASE NO. 5:17-cv-00947-SL |
| 31 E. Fireston Blvd, Apt. 8A | ) | |
| Akron, Ohio 44301 | ) | JUDGE LIOI |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE LIMBERT |
| | ) | |
| vs. | ) | **PLAINTIFF'S FIRST AMENDED** |
| | ) | **COMPLAINT** |
| TIME WARNER CABLE INC. | ) | |
| c/o CT Corporation System | ) | (Jury Demand Endorsed Herein) |
| 1300 East Ninth Street | ) | |
| Cleveland, Ohio 44114 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CHARTER COMMUNICATIONS, LLC | ) | |
| c/o CSC-Lawyers Incorporating Service | ) | |
| 50 W. Broad St., Suite 1800 | ) | |
| Columbus, Ohio 43215 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| TWC ADMINSTRATION LLC | ) | |
| c/o CT Corporation System | ) | |
| 1300 East Ninth Street | ) | |
| Cleveland, Ohio 44114 | ) | |
| | ) | |
| Defendants. | ) | |

Now comes Plaintiff Markia Sims, by and through counsel, and for her First Amended

Complaint against Defendants Time Warner Cable Inc., Charter Communications, LLC and

TWC Administration LLC ("Time Warner"), states and alleges the following:

## INTRODUCTION

1.      This is a "collective action" instituted by Plaintiff as a result of Defendants'

practices and policies of not paying its hourly, non-exempt employees, including Plaintiff and

other similarly-situated employees, for all hours worked, in violation of the Fair Labor Standards

Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

4.      At all times relevant herein, Plaintiff was a citizen of the United States and residents of the State of Ohio.

5.      At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

6.      At all times relevant herein, Defendant Time Warner Cable Inc. was a for profit foreign corporation, organized and incorporated in the State of Delaware, doing and conducting business throughout the United States, including in this District and Division, and has its principle office within Ohio located in Summit County at 1919 Brittain Road, Akron, Ohio.

7.      At all times relevant herein, Defendant Charter Communications, LLC was a for profit foreign corporation, registered, organized and formed in the State of Delaware, doing and conducting business throughout the United States, including in this District and Division.

8.      At all times relevant herein, Defendant TWC Administration LLC was a for profit foreign corporation, registered, organized, and formed in the State of Delaware, and doing and conducting business throughout the United States, including in this District and Division.

9.     At all times relevant herein, Defendants were employers within the meaning of 29 U.S.C. § 203(d).

10.     At all times relevant herein, Defendants were enterprises within the meaning of 29 U.S.C. § 203(r).

11.     At all times relevant herein, Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12.     At all times relevant herein, and upon information and belief, Defendants were a joint employer and/or single enterprise within the meaning of 29 U.S.C. §§ 203(r) and 207(b), as they have an interrelation of operations, common business purpose and activities, common management, common control of labor relations, and common ownership and financial control.

13.     At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207 as they used tools, products, and equipment that traveled in interstate commerce.

14.     Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

15.     Defendants are a cable telecommunications company(s) that own and operate a number of call centers that sell products and services to customers, such as residential cable, internet, home phone, and home management services nationwide, including in Ohio.

16.     Plaintiff was employed by Defendants as an Inbound Sales Representative between October 2014 and November 2016 at Defendants' Akron, Ohio call center location.

17.     Other similarly-situated employees were employed by Defendants as Inbound Sales Representatives in call centers located throughout the United States, including in Ohio, and

they were primarily responsible for selling cable, internet, phone, and home management services and/or upselling to customers who called Defendants' call centers.

18.    Plaintiff and other similarly-situated Inbound Sales Representatives were classified by Defendants as non-exempt employees.

19.    Plaintiff and other similarly-situated Inbound Sales Representatives were paid by Defendants on an hourly basis, plus commissions.

20.    Plaintiff and other similarly-situated Inbound Sales Representatives did not enter into an employment arbitration agreements with Defendants.

21.    Plaintiff and the other similarly-situated Inbound Sales Representatives did not earn commissions exceeding 50% of their total compensation in every calendar year.

**(Failure to Pay For Time Spent Starting and Logging Into
Computer Systems, Applications, and Phone System)**

22.    Plaintiff and other similarly-situated Inbound Sales Representatives were required by Defendants to perform unpaid work before clocking in each day, including, but not limited to, starting, booting up, and logging into Defendants' computer systems, numerous software applications, and phone systems.  Booting up and logging into the computer systems and numerous software applications required entering unique and frequently changing passwords for each of the numerous programs.

23.    By common policy and practice, Plaintiff and other Inbound Sales Representatives were required to have their computers booted up and have several applications running before the start of their shifts so that they could take their first call promptly upon commencing work at their scheduled start times.

24.    Defendants arbitrarily failed to count this work performed by Plaintiff and other Inbound Sales Representatives as "hours worked."

25.     Plaintiff and other Inbound Sales Representatives performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

26.     Plaintiff estimates that she spent approximately 15-20 minutes before her shift start times clocking in each day, including but not limited to starting and logging into Defendants' computer systems, numerous software applications, and phone systems.

27.     This unpaid work performed by Plaintiff and other Inbound Sales Representatives was practically ascertainable to Defendants.

28.     There was no practical administrative difficulty of recording this unpaid work of Plaintiff and other Inbound Sales Representatives.  It could have been precisely recorded for payroll purposes simply by allowing them to clock in before they began booting up Defendants' computer systems, applications, and phone systems.

29.     This unpaid work performed by Plaintiff and other Inbound Sales Representatives constituted a part of their principal activities, was required by Defendants, and was performed for Defendants' benefit.

30.     Moreover, this unpaid work was an integral and indispensable part of other principle activities performed by Plaintiff and other Inbound Sales Representatives.  They could not perform their work without booting up Defendants' computer systems, applications, and phone systems.

31.     Defendants knowingly and willfully failed to pay Plaintiff and other similarly-situated Inbound Sales Representatives for starting and logging into Defendants' computer systems, numerous software applications, and phone systems, during which they performed work that managers and/or other agents and/or representatives observed.

**(Failure to Pay Overtime Compensation)**

32.     As a result of Plaintiff and other Inbound Sales Representatives not being paid for all hours worked, Plaintiff and other Inbound Sales Representatives were not paid overtime compensation for all of the hours they worked over 40 each workweek.

33.     Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**(Failure to Keep Accurate Records)**

34.     Defendants failed to make, keep and preserve records of the unpaid work performed by Plaintiff and other Inbound Sales Representatives before clocking in each day.

35.     The amount of time Plaintiff and other Inbound Sales Representatives spent on their required and unpaid work before clocking in amounted to approximately 15-20 minutes when Defendants' computer systems were working properly, or longer when Defendants' computer systems were slow or not working.

## COLLECTIVE ACTION ALLEGATIONS

36.     Plaintiff brings Count One of this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct.

37.     The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff herself is a member, is composed of and defined as follows:

> All former and current Inbound Sales Representatives employed by Time Warner Cable Inc., Charter Communications, LLC and/or TWC Administration LLC nationwide, in a Time Warner Call Center, who: 1) worked over 40 hours in one or more workweeks between May 4, 2014 and the present; 2) did not enter into employment arbitration agreements with Defendants; and 3) did not earn commissions exceeding 50% of their total compensation in every calendar year between May 4, 2014 and the present.

6

38.     Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief aver that it consists of several thousand persons.

39.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.  In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests, as well as her own, in bringing this action.

40.     These similarly-situated employees are known to Defendants and are readily identifiable through Defendants' business and payroll records.  These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

41.     Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and all other members of the class ("the Ohio Class") defined as:

> All former and current Inbound Sales Representatives employed by Time Warner Cable Inc., Charter Communications, LLC and/or TWC Administration LLC nationwide, in a Time Warner Call Center, who: 1) worked over 40 hours in one or more workweeks between May 4, 2014 and the present; 2) did not enter into employment arbitration agreements with Defendants; and 3) did not earn commissions exceeding 50% of their total compensation in every calendar year between May 4, 2014 and the present.

42.     The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Ohio Class, but upon

information and belief, aver that it consists of at least 1,000 persons.

43. There are questions of law or fact common to the Ohio Class, including but not limited to the following:

     a) whether Defendants failed to pay overtime compensation to their Inbound Sales Representatives for hours worked in excess of 40 each workweek; and

     b) what amount of monetary relief will compensate Plaintiff and other members of the class for Defendants' violation of R.C. 4111.03 and 4111.10.

44. Named Plaintiff will fairly and adequately protect the interests of the Ohio Class. Their interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members. The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

45. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

46. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Fair Labor Standards Act Violations)

47.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

48.     Defendants' practice and policy of not paying Plaintiff and other Inbound Sales Representatives for work performed before clocking in each day violated the FLSA, 29 U.S.C. § 207, 29 CFR § 785.24.

49.     Defendants' practice and policy of not paying Plaintiff and other Inbound Sales Representatives overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the FLSA, 29 U.S.C. § 207.

50.     Defendants' failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other Inbound Sales Representatives violated the FLSA, 29 CFR 516.2(a)(7).

51.     By engaging in the above-mentioned conduct, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA.

52.     As a result of Defendants' practices and policies, Plaintiff and other Inbound Sales Representatives have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
### (Violations of Ohio Revised Code 4111.03)

53.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

54.     Defendants' practice and policy of practice and policy of not paying Plaintiff and other Inbound Sales Representatives for work performed before clocking in each day violated the

OMFWSA, R.C. 4111.03.

55.     Defendants' practice and policy of not paying Plaintiff and other Inbound Sales Representatives overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the OMFWSA, R.C. 4111.03.

56.     Defendants' failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly-situated Inbound Sales Representatives violated the OMFWSA, R.C. 4111.03.

57.     As a result of Defendants' practices and policies, Plaintiff and other similarly-situated Inbound Sales Representatives have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court find Defendants jointly and severally liable, and:

A.     Issue an order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b) and certifying the class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

B.     Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C.     Award Plaintiff and the classes she represents actual damages for unpaid overtime compensation;

D.     Award Plaintiff and the classes she represents liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff and the classes;

E.     Award Plaintiff and the classes she represents pre- and post-judgment interest at

the statutory rate;

        F.      Award Plaintiff and the classes she represents attorneys' fees, costs, and

disbursements; and

        G.      Award Plaintiff and the classes she represents further and additional relief as this

Court deems just and proper.

                      Respectfully submitted,

                      /s/ Anthony J. Lazzaro
                     Chastity L. Christy (0076977)
                     Anthony J. Lazzaro (0077962)
                     Lori M. Griffin (0085241)
                     The Lazzaro Law Firm, LLC
                     920 Rockefeller Building
                     614 W. Superior Avenue
                     Cleveland, Ohio 44113
                     Phone: 216-696-5000
                     Facsimile: 216-696-7005
                     anthony@lazzarolawfirm.com
                     chastity@lazzarolawfirm.com
                     lori@lazzarolawfirm.com
                     Attorneys for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

                     /s/ Anthony J. Lazzaro
                     One of the Attorneys for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 5, 2017, a copy of the foregoing *Plaintiff's First Amended Complaint* was filed electronically.  Service will be made on Time Warner Inc. and TWC Administration, LLC, c/o CT Corporation System, 1300 East Ninth Street, Cleveland, Ohio 44114 and Charter Communications, LLC, c/o CSC-Lawyers Incorporating Service, 50 W. Broad St., Suite 1800, Columbus, Ohio 43215 via regular First Class Mail.

 /s/ Anthony J. Lazzaro
One of the Attorneys for Plaintiff