**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **MARKIA SIMS**, *et al.*, : | |
| : | Case No. 2:17-CV-631 |
| **Plaintiffs,** : | |
| : | **JUDGE ALGENON L. MARBLEY** |
| v. : | |
| : | Magistrate Judge Jolson |
| **TIME WARNER CABLE, INC.**, *et al.*, : | |
| : | |
| **Defendants.** : | |

**OPINION & ORDER**

**I.     INTRODUCTION**

This matter is before the Court on Defendants' Renewed Motion to Dismiss and for Sanctions (ECF No. 61). For the reasons that follow, this Court **DENIES** Defendants' Motion to Dismiss and for Sanctions.

**II.     BACKGROUND**

**A.     Factual Background**

Plaintiffs bring claims under the Fair Labor Standards Act ("FLSA") and Ohio law for failure to compensate Plaintiff, Markia Sims, and others similarly situated, for time spent logging into Defendants' systems before their shifts began and for failure to pay overtime. (ECF No. 3). Markia Sims, proceeding as an individual plaintiff, filed an initial complaint in the Northern District of Ohio on May 4, 2017. (ECF No. 1). She filed a First Amended Complaint on May 5, 2017, to bring a collective action suit under the FLSA and a class action under Ohio law. (ECF No. 3).

Roughly six months before, Daylon Howard and Tracy Dewald filed "a virtually identical lawsuit" in the Southern District of Ohio ("the *Howard* litigation"). (ECF No. 28 at 1–2, citing

1

*Howard, et al. v. Time Warner Cable Inc., et al.*, 2:16-cv-01129). Sims and "all but one of the plaintiffs who have opted in to the instant case also initially opted in to" the *Howard* litigation. (*Id.*).

The *Howard* litigation alleges the same basis for relief as the Plaintiffs allege here. The Defendants in *Howard*, however, filed a motion to dismiss for failure to state a claim and compel arbitration, arguing that Howard signed an arbitration agreement that governed his claims for relief. (Defendants' Motion to Dismiss Complaint and Compel Arbitration, *Howard, et al. v. Time Warner Cable Inc., et al.*, 2:16-cv-01129, ECF No. 24). The magistrate judge stayed discovery in *Howard* pending the Motion to Dismiss. (ECF No. 28 at 2). The Plaintiffs in *Howard* filed a motion to lift the stay, which the magistrate denied. Defendants later filed a Motion for Summary Judgment, arguing that Dewald was exempt from the FLSA and similar provisions of Ohio law. (Defendants' Motion for Summary Judgment as to Plaintiff Tracy Dewald, *Howard, et al.*, 2:16-cv-01129, ECF No. 49).

While this Court's stay was in place, Sims filed this suit in the Northern District of Ohio, and she and other Plaintiffs involved in this suit opted out of the class in *Howard*. (ECF No. 28 at 2). The Northern District of Ohio transferred the case to this Court since *Howard* was pending here.

### B. Procedural Background

On February 21, 2018, this Court administratively closed Sims's case pending the Supreme Court's decision in *Ernst & Young LLP et al. v Morris*, 138 S. Ct. 1612 (2018). On May 21, 2018, the Supreme Court decided *Morris*, and on May 30, 2018, this Court reopened *Sims*. Defendants filed a Renewed Motion to Dismiss and for Sanctions, to which Plaintiffs responded.

### III. LAW & ANALYSIS

#### A. Defendants' Motion to Dismiss

Defendants argue that Plaintiffs' suit should be dismissed under the first-to-file rule. (ECF No. 61 at 8). The first-to-file rule is a discretionary but "well-established doctrine that encourages comity among federal courts of equal rank. The rule provides that when actions involving nearly identical parties and issues have been filed in two different district courts, 'the court in which the first suit was filed should generally proceed to judgment.'" *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs.*, 16 F. App'x 433, 437 (6th Cir. 2001) (unpublished). District Courts may depart from the first-to-file rule "where equity so demands" considering factors such as "extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping." *Zide Sport Shop of Ohio Inc.*, 16 F. App'x at 437.

Most discussion of the first-to-file rule references suits filed in different district courts, thereby invoking principles of comity. Courts are split on whether the rule applies to cases pending before the same court on principles of efficiency. *See, e.g.*, *McGraw-Hill Global Educ., LLC v. Griffin*, Civil Action No. 5:14-CV-00042-TBR, 2014 WL 5500505, at *6 (W.D. Ky. Oct. 30, 2014) (finding the first-to-file rule applicable on efficiency grounds). *But see Green Tree Servicing, L.L.C. v. Clayton*, 689 F. App'x 363, 367–68 (5th Cir. 2017) (first-to-file rule limited to different judges or different districts); *Powell v. Oldham*, No. 2:16-cv-2907-SHM-tmp, No. 2:17-cv-2015-SHM-dkv, No. 2:17-cv-2795-SHM-tmp, 2018 U.S. Dist. LEXIS 39058, at *12 (W.D. Tenn. March 9, 2018) ("Courts generally decline to apply the first-to-file rule when the two actions are actively pending before the same judge."). This Court, and others, have found the rule applicable at least "when litigation is brought in two different courts within the same district." *Ohio Willow Wood Co. v. Alps South, LLC*, Case No. 2:13-CV-860, 2014 U.S. Dist.

LEXIS, at *7 (S.D. Ohio May 8, 2014) (citing *Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 161 n.28 (5th Cir. 1992)).  This Court need not decide whether the first-to-file rule applies here because, even assuming the rule applies, Defendants have failed to show that *Sims* should be dismissed.

When determining whether to dismiss a case under the first-to-file rule, courts consider three elements: "(1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake."  *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016).  Here, there is no dispute that Sims and the other Plaintiffs in this class filed their suit after the *Howard* litigation.  The deciding factors would therefore be the similarity of the parties and the similarity of the issues or claims.

For similarity of the parties in the class action context, "courts have looked at whether there is substantial overlap with the putative class even though the class has not yet been certified." *Baatz*, 814 F.3d at 790.  The Defendants in *Sims* argue that "the putative class in *Sims* is entirely encompassed by the putative class in *Howard*."  (ECF No. 61 at 9).  The Plaintiffs argue that this Court has already pronounced, in its September 11, 2017 order in *Howard*, that *Sims* "involves a putative class of employees different than those identified in *Howard*."  (ECF No. 62 at 6).

This Court stands by its previous pronouncement that *Howard* and *Sims* involve different classes.  Defendants point to the fact that "all but one of the opt-in plaintiffs in *Sims* were members of the *Howard* litigation, until they withdrew from that lawsuit for the sole purpose of participating in *Sims*."  (ECF No. 61 at 9).  This misses the point, however, that the *Sims* Plaintiffs were part of the *Howard* litigation *before* the Defendants raised the possibility of the arbitration agreement with Howard and Dewald's possible exempt status.  If Plaintiffs' assertions

4

are true that none of the Plaintiffs in *Sims* is exempt or has an arbitration agreement with the Defendants, then these two groups of plaintiffs would likely qualify as separate classes, or at least separate subclasses.

The last factor to consider in applying the first-to-file rule is the similarity of the claims and issues in the two cases. While issues do not need to be exactly the same, "they must 'be materially on all fours' and 'have such an identity that a determination in one action leaves little or nothing to be determined in the other.'" *Baatz*, 814 F.3d at 791 (quoting *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997)). Defendants are correct that *Sims* and *Howard* involve the same factual allegations—that Plaintiffs were not paid for logging into company systems before their shifts began—and seek damages under the FLSA and Ohio law. (ECF No. 61 at 9–10). Thus, determination of Defendants' conduct regarding employee pay in *Howard* would leave little to be determined in *Sims*. While it is true that the possibility of an arbitration agreement and exempt status from the FLSA would require proving facts different from those required in *Sims*, the first-to-file rule does not require the claims and issues to be exactly identical. The main issue here is whether Defendants paid Plaintiffs in *Howard* and *Sims* for the same work. *See, e.g.*, *Graessle v. Nationwide Credit, Inc.*, Case No. C2-06-cv-00483, 2007 U.S. Dist. LEXIS 248, at *8–11 (S.D. Ohio Mar. 21, 2007) (finding claims that included, among others, age discrimination and breach of contract and/or promissory estoppel sufficiently similar to claim for fraudulent inducement because both arose out of employment situation).

In addition to the dissimilarity of the parties, equitable considerations counsel against applying the first-to-file rule here. Factors that courts usually consider include "extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping." *Zide Sport Shop of Ohio Inc.*, 16 F. App'x at 437. Plaintiffs are correct that in at least one case, the

Sixth Circuit held that the district court abused its discretion in dismissing a case where plaintiffs in the second case "raise[d] serious concerns about their ability to have their claims heard in" in the first. *Baatz*, 814 F.3d at 794. The Sixth Circuit there looked to the possibility that the plaintiffs in the second-filed case will not be parties to the first, which may prejudice the plaintiffs' "ability to have their claims heard on the merits." *Id.* Defendants have presented no argument on this issue.

Like the plaintiffs in *Baatz*, the *Sims* Plaintiffs could face difficulties in having their claims heard with the Plaintiffs in *Howard*. Here, the parties do not argue, as the parties in *Baatz* did, that the class in *Howard* is "impossible." But if *Sims* is dismissed and Howard's arbitration agreement is found to control, the *Sims* Plaintiffs will face difficulty in having their claims heard. The Defendants allege that Howard has an arbitration agreement that requires not only binding arbitration but requires such arbitration, "on an individual rather than class or representative basis." (Defendants' Motion to Dismiss Complaint and Compel Arbitration at 1, *Howard, et al.*, 2:16-cv-01129, ECF No. 24). Thus, dismissing Sims's complaint would prejudice the plaintiffs who do not have such arbitration agreements. If Dewald is found to be exempt, that could mean the end of his claims, leaving the *Sims* Plaintiffs without a lawsuit to join. Defendants' Motion to Dismiss is hereby **DENIED**.

### B. Defendants' Motion for Sanctions

Defendants have also moved this Court to grant sanctions requiring Plaintiffs to reimburse Defendants for "unnecessary attorneys' fees and costs" under 28 U.S.C. § 1927 or under its inherent powers. (ECF No. 61 at 10–11). For the following reasons, Defendants' Motion is **DENIED**.

Defendants argue that Plaintiffs engaged in impermissible forum shopping "after receiving unfavorable rulings in *Howard*." (ECF No. 61 at 11). The conduct that Defendants argue is sanctionable is that the Plaintiffs "filed a Motion for Conditional Certification in this case, knowing full well that very motion had been stayed by [this Court] in *Howard*," that they filed in the Northern District without notifying the Northern District that *Howard* was stayed, and that they violated "[this] Court's order staying discovery in *Howard* by filing an entirely separate yet nearly identical lawsuit." (ECF No. 61 at 11–12).

Plaintiffs argue that "nearly all of the" *Sims* Plaintiffs live, work, and were consequently injured in the Northern District of Ohio, thus making that court "the procedurally proper venue." (ECF No. 62 at 17). They argue that the classes in *Howard* and *Sims* are different, and that because "the parties stipulated to tolling the statute of limitations for class members in *Howard* up to and including the date that the Court lifts the stay on briefing of Plaintiffs' Motion for Conditional Certification," they "would have no reason to try to circumvent the Court's stay of that briefing." (ECF No. 62 at 17–18). Plaintiffs cite the differences to the class in *Howard* as possibly prejudicing the *Sims* Plaintiffs, and that "the Motion to Dismiss and the Motion for Summary Judgment in *Howard*, if granted, would prejudice Plaintiff Sims and other individuals who opted into *Howard* as the case would cease to exist." (ECF No. 62 at 18). If *Howard* were dismissed, Plaintiffs argue, the statute of limitations would no longer be tolled for the *Sims* Plaintiffs. Additionally, "it is likely that either party would appeal the rulings on the legal issues presented in *Howard*, which are undisputedly irrelevant to Plaintiff Sims and the Proposed Class she seeks to represent." (ECF No. 62 at 18).

Defendants have presented both a statutory argument for sanctions and an argument under this Court's inherent powers. Under 28 U.S.C. § 1927, courts may award "excess costs,

expenses, and attorneys' fees reasonably incurred" because of an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously."  This Court may also use its inherent powers to sanction conduct found to be in bad faith.  *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980) (courts may award attorneys' fees when opposing counsel acted in "willful disobedience of a court order" or "in bad faith, vexatiously, wantonly, or for oppressive reasons.") (internal quotations omitted).

Here, the conduct of Plaintiffs' counsel is not so egregious as Defendants would make it out to be.  The Plaintiffs discovered differences between themselves and the Plaintiffs in *Howard* and took action to assert their claims in a forum they believed would be appropriate.  While this could under some circumstances appear to be forum-shopping, it could just as equally be seen as an attempt of Plaintiffs' counsel to protect their clients' interests.  As such, this conduct was not unreasonable, vexatious, or in bad faith.  Defendants' Motion for Sanctions is hereby **DENIED**.

## IV.    CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss and for Sanctions is **DENIED**.

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
**ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE**

**Dated: November 27, 2018**