# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**MARKIA SIMS,**

      **Plaintiff,**

  v.                                          **Civil Action 2:17-cv-631**
                                                      **Judge Algenon L. Marbley**
                                                      **Magistrate Judge Jolson**

**TIME WARNER CABLE INC., et al.,**

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint to Substitute Named Plaintiff. (Doc. 63). For the reasons that follow, the Court **GRANTS** the Motion. The Clerk shall file Doc. 69 as the Second Amended Complaint and amend the case caption accordingly. Further, the parties are **DIRECTED** to meet and confer and file a proposed scheduling order with the Court within seven (7) days of the date of this Order.

## I. BACKGROUND

Plaintiff brings claims under the Fair Labor Standards Act ("FLSA") and Ohio law for failure to compensate Plaintiff, Markia Sims, and others similarly situated, for time spent logging into Defendants' systems before their shifts began and for failure to pay overtime. (Doc. 3). Markia Sims, proceeding as an individual plaintiff, filed an initial complaint in the Northern District of Ohio on May 4, 2017. (Doc. 1). She filed a First Amended Complaint on May 5, 2017, to bring a collective action suit under the FLSA and a class action under Ohio law. (Doc. 3).

Roughly six months earlier, Daylon Howard and Tracy Dewald filed "a virtually identical lawsuit" in the Southern District of Ohio ("the *Howard* litigation"). (Doc. 28 at 1–2, citing *Howard, et al. v. Time Warner Cable Inc., et al.*, 2:16-cv-01129). Sims and "all but one of the

plaintiffs who have opted in to the instant case also initially opted in to" the *Howard* litigation. (*Id.*).

The *Howard* litigation alleges the same basis for relief as the Plaintiff alleges in this case. The Defendants in *Howard*, however, filed a motion to dismiss for failure to state a claim and compel arbitration, arguing that Howard signed an arbitration agreement that governed his claims for relief. (*See Howard, et al. v. Time Warner Cable Inc., et al.*, 2:16-cv-01129, Doc. 24). The Court stayed discovery in *Howard* pending a ruling on the motion to dismiss. (*Id.*, Doc. 38 at 2). Defendants later filed a summary judgment motion, arguing that Dewald was exempt from the FLSA and similar provisions of Ohio law. (*Id.*, Doc. 49). While the stay was in place, Sims filed this suit in the Northern District of Ohio, and she and other Plaintiffs involved in this suit opted out of the class in *Howard*. (*See* Doc. 28 at 2).

Relevant to the instant motion, on December 4, 2017, the day before Sims' scheduled deposition, Defendants sent a letter to Plaintiff's counsel accusing Sims of inappropriately retaining documents that contained confidential personally identifiable information of Defendants' customers. (*See* Doc. 63-2). In this letter, Defendants stated their intent "to pursue any and all legal remedies against Sims, which may include notifying law enforcement authorities and the appropriate states' Attorneys Generals, to ensure all Company property and personally identifiable information is returned and not retained in any form by Sims[.]" (*Id.* at 2).

On July 20, 2017, the Northern District of Ohio transferred this case to this Court. (Doc. 29). On February 21, 2018, the Court administratively closed this case pending the Supreme Court's decision in *Ernst & Young LLP et al. v. Morris*, 138 S. Ct. 1612 (2018). On May 21, 2018, the Supreme Court decided *Morris*, and on May 30, 2018, the Court reopened *Sims* and directed the parties to re-file any motions they wished the Court to consider. (Docs. 59, 60). On June 18,

2018, Defendants filed a Renewed Motion to Dismiss and for Sanctions. (Doc. 61). On November 27, 2018, Judge Marbley denied Defendants' Motion to Dismiss and for Sanctions. (Doc. 67).

On July 12, 2018, Plaintiff filed the instant Motion for Leave to File Second Amended Complaint to Substitute Named Plaintiff ("Motion for Leave to Amend"), Defendants filed an opposition on August 1, 2018, and Plaintiff filed a reply brief. Thus, this matter is ripe for consideration.

## II.  STANDARD

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that, when a party must seek leave of court to amend a pleading, "[t]he court should freely give leave when justice so requires." This rule, which allows a liberal policy in favor of granting amendments, "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of the pleadings.'" *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). Thus, the trial court enjoys broad discretion in deciding motions for leave to amend. *See Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 119, 1130 (6th Cir. 1990). In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment and futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.  DISCUSSION

Plaintiff seeks leave to amend her complaint under Fed. R. Civ. P. 15(a)(2) to substitute opt-in plaintiff, Leslie A. Wood, as the Representative Plaintiff in this case. (Doc. 63). In support, Plaintiff asserts that amendment is necessary because Defendants, based on the criminal law issues they have raised, may challenge Sims' fitness as an appropriate class representative. (*See generally*

*id.*). Defendants oppose amendment, asserting as "most critical," that Plaintiff's motion is futile in light of the then-pending motion to dismiss and the fact that, in Defendants' view, the case is duplicative of *Howard*. (Doc. 65 at 5–6). More specifically, they allege that Plaintiff would not be prejudiced by pursuing her claims as part of *Howard* and that Plaintiff may not "escape" the Court's ruling on the Motion to Dismiss "by swapping out named-plaintiffs." (*Id*. at 6). In support, Defendants rely on Judge Lioi's finding, prior to her transfer of the case, that this case is duplicative of *Howard* and that Plaintiff's conduct, and the conduct of Plaintiff's counsel was inappropriate. (*Id*.).

As an initial matter, Defendants' futility argument is now largely moot following the Court's November 27, 2018 Oder denying Defendants' Motion to Dismiss and for Sanctions. (Doc. 67). In that Order, Judge Marbley rejected Defendants' first-to-file argument, holding that *Howard* and *Sims* involve different classes and that "equitable considerations counsel[ed] against applying the first-to-file rule" in this case. (*Id*. at 4–5). Therefore, because Defendants' first-to-file argument has been rejected by this Court, the Undersigned rejects Defendants' futility arguments based on the same. And, because the Court has already rejected Defendants' motion to dismiss on the merits, there is no longer a basis for Defendants' concern that Plaintiff, by filing the Motion for Leave to Amend, is attempting to "escape" a decision by this Court on the motion to dismiss.

Additionally, Defendants argue that amendment would be futile because opt-in plaintiff, Leslie Wood's "testimony suffers from inherent inaccuracies." (Doc. 65 at 6). Plaintiff responds that Wood's credibility is "ultimately a jury issue, and this Court should not deny Plaintiff the ability to substitute the named Plaintiff based on the accusations that [she] will present unreliable

4

testimony on who she may or may not have discussed the lawsuit with—which is an issue that is completely irrelevant to FLSA claims." (Doc. 66 at 3).

"At this stage of the litigation, the Court is charged with determining whether the futility of an amendment is so obvious that it should be disallowed." *Bear v. Delaware Cnty., Ohio*, No. 2:14-cv-43, 2015 WL 1954451, at *3 (S.D. Ohio Apr. 28, 2015). The amended complaint here meets this low bar. Counsel for Plaintiff, during a December 3, 2018 joint status conference with the Court, represented that she had engaged in proper due diligence regarding the adequacy of Wood as a class representative. The Court need not, at this stage, engage in a further analysis regarding the credibility of Wood's testimony in order to permit amendment. Accordingly, notwithstanding Defendants' credibility allegations, an amendment to substitute Wood as the representative plaintiff is not obviously futile.

The Court has also considered the other Rule 15(a) factors of "undue delay, bad faith or dilatory motive on the part of a movant, repeated failures to cure deficiencies by amendments previously allowed, [and] undue prejudice to the opposing party by virtue of allowance of the amendment[.]" Defendants contend that they "have already incurred extensive fees and costs as a result of Sims serving as the named Plaintiff/class representative for a duplicative lawsuit" and that "redeposing a new named Plaintiff/class representative comes with additional time and preparation that Defendants should not have to expend[.]" (Doc. 65 at 5).

None of these arguments persuade the Court, under the liberal amendment standard, to deny leave to amend, especially in light of this Court's dispositive ruling. (*See generally* Doc. 61). While the Court acknowledges the potential cost and inconveniences associated with deposing Wood, the Court does not find undue prejudice. *See Moore*, 790 F.2d at 562 (finding that amendment three years into the case and after dispositive motions were filed caused only

5

"relatively light" prejudice); *see also id*. (noting that a court must find "at least some significant showing of prejudice to the opponent" to deny a motion for leave to amend).

Throughout their opposition, Defendants also suggest that Plaintiff acted in bad faith, emphasizing that Plaintiff has attempted "to restructure the same lawsuit against the same defendants[.]" (Doc. 65 at 1). This Court, however, has already found that Plaintiff's conduct "is not so egregious as Defendants would make it out to be." (Doc. 67 at 9). Indeed, in denying Defendants' motion to dismiss, the Court found that the parties in the two cases are "dissimilar[]" and that "equitable considerations" counseled against application of the first-to-file rule. (*Id*.). As such, the Court finds that Defendants have failed to establish bad faith on behalf of Plaintiff that would preclude amendment.

In light of the above, Plaintiff has satisfied the Rule 15(a)(2) standard for leave to amend and is permitted to amend her complaint to substitute Wood for Sims as the named representative.

Finally, Defendants in their opposition request that the Court award them "costs associated with the defense of this lawsuit" as deemed appropriate by the Court. (Doc. 65 at 6). The Undersigned finds that Defendants have not set forth facts regarding Plaintiff's conduct that would warrant an award of costs. Indeed, in denying Defendants' motion to dismiss, Judge Marbley also denied Defendants' motion for sanctions to reimburse them for "'unnecessary attorneys' fees and costs'" associated with this lawsuit. (Doc. 67 at 6 (quoting Doc. 61 at 10–11)). The Court elaborated on its decision to deny sanctions:

> Here, the conduct of Plaintiffs' counsel is not so egregious as Defendants would make it out to be. The Plaintiffs discovered differences between themselves and the Plaintiffs in *Howard* and took action to assert their claims in a forum they believed would be appropriate. While this could under some circumstances appear to be forum shopping, it could just as equally be seen as an attempt of Plaintiffs' counsel to protect their clients' interests. As such, this conduct was not unreasonable, vexatious, or in bad faith.

6

(*Id*. at 8).  Defendants have not offered any new or additional evidence of bad faith or egregious conduct that would result in this Court reaching a different conclusion here.  Accordingly, the Court, in its discretion, denies Defendants' request for costs.

## IV.     CONCLUSION

For these reasons, Plaintiff's Motion for Leave to Amend (Doc. 63) is **GRANTED**.  The Clerk shall file Doc. 69 as the Second Amended Complaint and amend the case caption accordingly.  Further, the parties are **DIRECTED** to meet and confer and file a proposed scheduling order with the Court within seven (7) days of this Order.

IT IS SO ORDERED.

Date: December 7, 2018                                         /s/ Kimberly A. Jolson
                                                               KIMBERLY A. JOLSON
                                                               UNITED STATES MAGISTRATE JUDGE